**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KURT REIGHARD,                  :
                                  Civil Action No. 13-1007 (JBS)
      Petitioner,    :

      v.              :   **OPINION**

WARDEN J.T. SHARTLE,
                            :
      Respondents.

**APPEARANCES**:

    Petitioner pro se
    Kurt Reighard
    78828-083
    FCI Fairton
    P.O. Box 420
    Fairton, NJ 08320

**SIMANDLE**, Chief Judge

Petitioner Kurt Reighard, a prisoner currently confined at FCI Fairton, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The matter was previously administratively terminated because Petitioner failed to pay the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

filing fee.  Petitioner subsequently paid the fee and the matter will be reopened.

Because this Court lacks subject matter jurisdiction to consider this Petition, the Petition is dismissed.

## I.   BACKGROUND

Petitioner brings his petition challenging the constitutionality of his sentence.  Petitioner provides limited information regarding background, but does state that he was sentenced under the provisions of 21 U.S.C. § 841 to a term of incarceration of 48 months with three years of supervised release.  Petitioner asserts that a sentence of supervised release is inapplicable to a conviction of Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. § 846.  Petitioner states that 18 U.S.C. § 3559 and 21 U.S.C. § 841 are in conflict regarding the term of supervised release and as such, the supervised release is inapplicable to Petitioner's sentence. Petitioner further asserts that the imposition of supervised release constitutes double jeopardy.

A search conducted by this Court reveals that on January 17, 2013, Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255 in the Eastern District of Virginia (Alexandria), docket number there 1:13-cv-00087.

2

II.  DISCUSSION

A.  Legal Standard

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A

3

petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

B.   Analysis

Although Petitioner has filed this matter as a Habeas petition under 28 U.S.C. §2241, it appears to be a §2255 motion to amend, set aside, or correct his sentence.  See Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution").  28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the

sentence." 28 U.S.C. § 2255.  The statute "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." U.S. v. Addonizio, 442 U.S. 178, 185 (1979).

Thus, federal prisoners who wish to challenge federal sentences must do so in "the court which imposed the sentence". 28 U.S.C. § 2255.  The District Court which imposed Petitioner's sentence is therefore the proper court to hear a §2255 motion.

A non-sentencing Court may exercise jurisdiction over a § 2255 motion by construing it as a § 2241 petition.  See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  However, such construction is proper only if a § 2255 motion would be "inadequate or ineffective." In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  A motion under § 2255 is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538-39.  This is not the case here.  In fact, Petitioner's § 2255 motion is currently pending before the court of conviction.

Accordingly, this Court is without jurisdiction to hear this petition and the case is dismissed for lack of subject matter jurisdiction.

III. <u>CONCLUSION</u>

For the reasons set forth above, Respondent's motion to dismiss is granted and the petition will be dismissed with prejudice.  An appropriate order follows.


Dated: **April 10, 2013**           **s/ Jerome B. Simandle**
                                    Jerome B. Simandle
                                    Chief Judge
                                    United States District Court